UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **NKEMJIKA BONLIONEL IKE**<br>**A#078379928; Reg. #44981-265** | **CIVIL ACTION NO. 2:11-cv-2170**<br>**SECTION P** |
| **VS.** | **JUDGE MINALDI** |
| **ERIC FONTENOTE, ET AL** | **MAGISTRATE KAY** |

REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint[1] filed by plaintiff Nkemjika Bonlionel Ike on December 14, 2011. At the time of filing, plaintiff was an immigration detainee in the custody of the Department of Homeland Security/United States Immigration and Customs Enforcement (DHS/ICE) and was detained at the Federal Detention Center, Oakdale (FCIO), Louisiana. He complains about events that occurred at FCIO. Plaintiff was subsequently transferred to the Escambia County Jail, Pensacola, Florida and then to LaSalle Detention Center, Jena, Louisiana. On September 10, 2012, plaintiff filed a change of address notice directing the court to send correspondence to an address in Hiram, Georgia.[2] He names Eric Fontenote and Counselor Sweet as defendants herein.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

---

[1] This matter arises under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In *Bivens*, the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 USC § 1983. It is assumed that all of the defendants are agents or employees of the federal government.

[2] *Ike v. Rodriguez*, 2:11-cv-2024 (U.S. District Court, W.D. La.)

*Statement of the Case*

Plaintiff states that on November 9, 2011, defendant Fontenote went into plaintiff's cell and confiscated legal documents, evidentiary material, and personal property in retaliation for a filing a civil lawsuit against him.  Plaintiff alleges his counselor, defendant Sweet, told Fontenote about the suit.  Plaintiff also claims that on December 6, 2011 Fontenote confiscated a radio that he borrowed from another inmate.

As relief for the above, plaintiff seeks $2,000,000.00 in compensatory damages as well as injunctive relief requiring Fontenote to return the confiscated belongings.

*Deprivation of Property*

The Parratt/Hudson Doctrine, states that a random and unauthorized deprivation of a property or liberty interest does not violate procedural due process if the State furnishes an adequate post-deprivation remedy.  *See Caine v. Hardy*, 943 F.2d 1406, 1412 (5th Cir.1991).

*Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), holds that deprivation of property by prison officials, even when intentional, does not violate the Due Process Clause of the Fourteenth Amendment provided that an adequate state post-deprivation remedy exists.  *Hudson*, 468 U.S. at 533.  Although *Hudson* and *Parratt* apply on their face to state prison officials, the Fifth Circuit has extended this holding to federal prisoners.

In *Sun v. U.S.*, 49 F.3d 728 (5th Cir.1995), the plaintiff complained that correctional officers at the Federal Correctional Institution at Fort Worth destroyed or lost his personal and legal property.  After noting that plaintiff had failed to show any prejudice arising from the deprivation of legal material, the Fifth Circuit stated that "intentional deprivation of property does not offend due process if a meaningful post-deprivation remedy is available." (citing *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984)).

Plaintiff has failed to show that any prejudice resulted from the deprivation of property and that he was denied adequate post-deprivation remedies. Plaintiff can avail himself of the administrative remedy process and the formal grievance procedure available for Federal Bureau of Prisons. Further Section 31 U.S.C. § 3724 allows the Attorney General of the United States to settle claims for "personal injury, death, or damage to, or loss of, privately owned property, caused by an investigative or law enforcement officer as defined in section 2680(h) of Title 28 who is employed by the Department of Justice acting within the scope of employment that may not be settled under chapter 171 of title 28 [i.e. the Federal Tort Claims Act]."

Thus, plaintiff's claim concerning the alleged taking of his property should be dismissed as frivolous.

### *Access to Courts*

To the extent that plaintiff is attempting to allege that the seizure of his property resulted in a denial of access to the courts, this claim also is dismissed.

Plaintiff does have the right of access to the courts. However, in this action, plaintiff's claims do not rise to the level of a constitutional violation. In *Bounds v. Smith*, 430 U.S. 817, 822 (1977), the Supreme Court held that prisoners have a fundamental constitutional right to "adequate, effective, and meaningful" access to the courts. *See also Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.1997), cert. denied, 522 U.S. 995 (1997). A prisoner's right of access is not unlimited, "it encompasses only 'a reasonably adequate opportunity to file non frivolous legal claims challenging their convictions or conditions of confinement.'" *Id*. at 310–311.

In *Lewis v. Casey* 518 U.S. 343, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996), the Supreme Court found that the right of access to the courts does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder

derivative actions to slip-and-fall claims. *Id*., at 2182. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration. *Id*.

Further, prison officials have considerable discretion in choosing the mechanism and forms of assistance they will furnish to prisoners for the purpose of allowing prisoners to file non-frivolous legal claims. *See Lewis* at 2182 ("Of course, we leave it to prison officials to determine how best to ensure that inmates ... have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement"). "While the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir.1993).

The Supreme Court also explained in *Lewis* that before an inmate may prevail on a claim that his constitutional right of access to the courts was violated, he must demonstrate that the suffered "actual injury," i.e. that the denial of access "hindered his efforts to pursue a legal claim." *Lewis,* 518 U.S. at 351; *see also Ruiz v. United States,* 160 F.3d 273, 275 (5th Cir.1998) (without proving actual injury, the prisoner/plaintiff cannot prevail on an access-to-courts claim); *Chandler v. Baird*, 926 F.2d 1057, 1063 (5th Cir.1991)(A civil rights claim cannot be based on "minor and short-lived impediments to access" in the absence of actual prejudice.)

In the instant case, plaintiff has not demonstrated that defendants' alleged actions hindered his ability to pursue a legal claim. In fact, plaintiff has filed at least eighteen (18)

complaints in this court. Accordingly, absent any cognizable injury or prejudice, plaintiff cannot raise a claim of denial of access to the courts and his claims should be dismissed for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1).

*Retaliation*

Plaintiff claims that defendant took his property in retaliation for filing a lawsuit against him. This claim is without merit.

Prison officials may not retaliate against an inmate because that inmate exercised a right guaranteed to him under the Constitution. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995), *cert. denied*, 516 U.S. 1084, 116 S.Ct. 800, 133 L.Ed.2d 747 (1996). However, as the Fifth Circuit has emphasized, claims of retaliation from prison inmates must "be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in penal institutions." *Id.* at 1166.

To state a claim of retaliation, a prisoner must allege facts which establish that (1) he exercised a specific constitutional right, (2) the defendant had the intent to retaliate against him for his exercise of that right, (3) a retaliatory adverse act occurred, and (4) causation. Causation requires a showing that "but for the retaliatory motive the complained of incident ... would not have occurred." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (quoting *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995)), *cert. denied*, 522 U.S. 995, 118 S.Ct. 559, 139 L.Ed.2d 400 (1997). "The inmate must allege more than his personal belief that he is the victim of retaliation." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). "The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred." *Id.* (quoting *Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir. 1995).

In this case, plaintiff has failed to specify a constitutional right which was violated. Further, his conclusory allegations of retaliation are insufficient to state a claim. Thus, his retaliation claim is without merit and should be dismissed.

### *Injunctive Relief*

As previously stated, plaintiff has been transferred from FCIO. Therefore, his requests for injunctive relief are moot. The law is clear that the transfer of a prisoner out of an allegedly offending institution generally renders his claims for injunctive relief moot. *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975) (plaintiff's individual suit challenging parole procedures mooted by release absent "demonstrated probability" that he would again be subject to parole board's jurisdiction); *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir.1991) (holding that prisoner transferred out of offending institution could not state a claim for injunctive relief).

In order for plaintiff's claims to remain viable, he would have to establish that the possibility of returning to FCIO would make his claims capable of repetition yet evading review. *See Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir.1975). Plaintiff must show either a "demonstrated probability" or a "reasonable expectation" that he would again be incarcerated at FCIO. *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982). At its most lenient, the standard is not mathematically precise and requires that plaintiff show a "reasonable likelihood" of repetition. *Honig v. Doe*, 484 U.S. 305, 318-19, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988).

Even under the most permissive interpretation, plaintiff's complaint does not, and cannot, meet the standard. Simply put, plaintiff has been released from the custody of FCIO and his requests for injunctive relief are moot. *See Herman v. Holiday*, 238 F.3d 660 (5th

Cir.2001)(even if plaintiff had established an Eighth Amendment violation, his transfer from the offending institution rendered his claims for declaratory and injunctive relief moot) citing *Cooper v. Sheriff, Lubbock County, Tex.,* 929 F.2d 1078, 1084 (5th Cir.1991); *Bailey v. Southerland*, 821 F.2d 277, 279 (5th Cir. 1987).

Therefore,

IT IS RECOMMENDED that plaintiff's civil rights complaint be DISMISSED WITH PREJUDICE as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii) and 1915A(b)(1).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 26th day of July, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE